UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FRANKLIN GAY III,

    Plaintiff,                     CIVIL ACTION NO. 07-10088

    v.                              DISTRICT JUDGE DAVID M. LAWSON

LIBERTY SAVINGS BANK, ET AL.,      MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This case comes before the court on defendants' motion for judgment on the pleadings, or in the alternative for summary judgment. For the reasons stated herein, the court finds this action is barred by the Rooker-Feldman doctrine and recommends that the motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

### II. Background

This case appears to arise as a result of a mortgage foreclosure involving plaintiff. On January 4, 2007, plaintiff, acting *pro se*, filed a complaint against defendants (the Bank and its counsel) alleging that, since defendants defaulted on a contract, they are committing trespass and continuous torts on property that rightfully belongs to plaintiff. Plaintiff also alleged that

defendants, as well as the "lower courts" have dishonored the equitable instrument placed before the lower courts. (D/E #1.)

On March 7, 2007, defendants filed a motion for judgment on the pleadings, or in the alternative for summary judgment. (D/E #6.) In that motion, defendants argue that his case has already been litigated in state court and neither plaintiff nor his parents have a right to the property in question. Defendants also argue that there are no cognizable facts set forth in the complaint.

Oral argument was held on April 10, 2007, and the parties were ordered to file supplemental briefs because the complaint and defendants' motion lack background and arguments. On April 17, 2007, defendants filed a supplemental brief setting forth details of the prior litigation regarding the property in which plaintiff and his parents claimed an interest. (D/E #28.) Specifically, defendants provided a copy of the mortgage and assignment and documents detailing the foreclosure and eviction. Defendants also provided a motion to quiet title filed by plaintiff in state court, an order granting summary disposition to defendants in that case, and an order from the Michigan Court of Appeals denying plaintiff's appeal. Defendants further provided documents detailing a consent judgment for possession entered into by plaintiff's parents, a subsequent order for them to leave the property or stay and appeal the matter, the appeal filed by plaintiff's father, and the dismissal of that case.[1]

---

[1]The record also contains somewhat nonsensical filings made by Akir En Ra El Bey, who describes himself as "Intervenor/Petitioner/Libellant." As there has been no motion to intervene filed in this action made pursuant to Fed. R. Civ. P. 24(c), the filings, relating to admiralty law, will not be discussed in this Report and Recommendation.

### III. Standard of Review

Defendants seek, with very little argument, either dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) or summary judgment pursuant to Fed. R. Civ. P. 56(b). (D/E #6.) A motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Federal Rule of Civil Procedure 56(b) stated that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Despite the grounds raised by defendants, the court must first address the lack of subject matter jurisdiction in this case and dispose of it pursuant to Fed. R. Civ. P. 12(b)(1). Parties cannot consent to subject matter jurisdiction where it is lacking, nor can they waive it. Alongi v. Ford Motor Co., 386 F.3d 716, 728 (6th Cir. 2004). Therefore, "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself." In re Lewis, 398 F.3d 735, 739 (6th Cir. 2005). The court must determine whether subject matter jurisdiction exists before making any decision on the merits. Moir v. Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990) (noting at the 12(b)(1) motion must be decided before any consideration of a motion on the merits can occur). Moreover, a trial court has broad

discretion in what to consider in deciding whether subject matter jurisdiction exists in a particular case. Moir, 895 F.2d 269 ("the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged.").

**IV. Discussion**

In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States. See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the Rooker-Feldman doctrine, a litigant who loses in state court may not seek "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U. S. 280, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2l005) (internal citation omitted). See also Johnson v. De Grandy, 512 U.S. 997, 114 S.Ct. 2647 129 L.775 (1994). The proper avenue to redress such grievances is application to the United States Supreme Court for a writ of certiorari to review a final decision of a state's highest court, pursuant to 28 U.S.C. § 1257.

The Rooker-Feldman doctrine proceeds on two fronts. "First, in order of the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998) (internal citation omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it

is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Catz, 142 F.3d at 293 (internal citation omitted). Second, the Rooker-Feldman doctrine precludes federal court jurisdiction where the claim is "a specific grievance that the law was invalidly-even unconstitutionally-applied in the plaintiff's particular case." Catz, 142 F.3d at 293 (internal citation omitted). Exceptions to this doctrine of abstention exist when plaintiffs attack the constitutionality of the statute or authority for the state court proceedings themselves, see Howard v. Whitbeck, 382 F.3d 633, 639 (6th Cir. 2004), or raise "a general challenge to the constitutionality of the state law applied in the state action," Catz, 142 F.3d at 293; see also Patmon v. Mich. Sup. Ct., 224 F.3d 504, 509-10 (6th Cir. 2000), but neither of these exceptions applies here.

In this case, the court has no subject matter jurisdiction over the plaintiff's claims pursuant to the Rooker-Feldman doctrine. That the plaintiff's claims are indeed "inextricably intertwined" is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court. Each of the claims set forth by plaintiff rests on the premise that the state court entry of foreclosure was invalid. For example, plaintiff asserts that defendants breached the mortgage contract, but, the judgment of foreclosure implicitly and explicitly holds otherwise. Likewise, plaintiff's claim that defendants are trespassing on his property is implicitly refuted by the state court judgment of foreclosure. Without a holding that the state court was wrong on the foreclosure or eviction, there is no way for this court to find for plaintiff.

Looking at the complaint, it is clear that plaintiff wishes to overturn the judgment of foreclosure duly entered in Michigan state court. The plaintiff's claims are thus predicated on his conviction that the state courts were wrong and, therefore, satisfy the "very definition" of a case requiring Rooker-Feldman abstention. Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 937-38 (6th Cir. 2002).

**V.  Conclusion**

For the reasons stated above, the court recommends that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: July 26, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on July 26, 2007.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan