UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD FRANKLIN GAY, III,

       Plaintiff,

                              Case Number 07-10088
v.                              Honorable David M. Lawson
                              Honorable Virginia M. Morgan

LIBERTY SAVINGS BANK and
TROTT AND TROTT, P.C.,

       Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING CERTAIN MOTIONS, AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on the plaintiff's objections to Magistrate Judge Virginia M. Morgan's report recommending that the Court grant the defendant's motion to dismiss for want of subject matter jurisdiction. The plaintiff filed a *pro se*, hand-written complaint that best can be characterized as a challenge to the enforcement of a note and mortgage on certain real property in Detroit, Michigan. On March 7, 2007, the defendants filed a motion for judgment on the pleadings or for summary judgment, which the magistrate judge entertained under an order of reference for general case management. On July 26, 2007, Judge Morgan issued her report recommending dismissal, and the plaintiff filed timely objections. The defendants responded to the objections. The Court has conducted a *de novo* review of the matter and now concludes that the plaintiff's objections to the report and recommendation lack merit. The essence of his claim is a challenge to the rights of others to possess the subject property, which was foreclosed upon by the defendants in state court proceedings, and the plaintiff therefore must attack the validity of the state court judgment. Consequently, the Court has no subject matter jurisdiction over the action under the *Rooker-*

*Feldman* doctrine. The Court will overrule the objections, adopt the magistrate judge's recommendation, and dismiss the case.

I.

The plaintiff, Donald Franklin Gay III, who also appears to go by the name Akir En Ra El Bey, commenced this *pro se* action on January 4, 2007. In his hand-written complaint, the plaintiff alleged breach of contract by the defendants, Liberty Saving Bank and Trott & Trott, P.C. However, the plaintiff failed to describe the nature of the underlying contract, simply labeling it as "contract # LSB07122005DFG." Compl. [dkt # 1] at 1. The plaintiff also alleged trespass and other "continuous torts" by the defendants, but did not describe the nature of those claims. *See id.* at 1-2. Rather, he alleges that the defendants "have committed continuous trespass on contract LSB07122005DFG and have committed continuous torts as well as trespass on Patented Private Property." *Ibid.*

Along with his complaint, the plaintiff filed a motion for preliminary injunction and a motion to stay state-court eviction proceedings. The two motions essentially requested the same relief. The plaintiff explained that an eviction notice had been posted on his "private lands" pursuant to a judgment issued by the 36th District Court of the State of Michigan in favor of the defendants. Mot. for Prelim. Inj. [dkt # 3] at ¶ 1. According to the plaintiff, this notice was the product of "fraud and numerous trespasses practiced by the 36th District Court . . . in the wrongful eviction." *Id.* at ¶ 2. Therefore, the plaintiff asked the Court to stay the eviction process and preliminarily enjoin any attempts to forcibly remove him from his property.

On January 11, 2007, the Court referred the matter to Magistrate Judge Virginia M. Morgan for general case management pursuant to 28 U.S.C. § 636(b). On March 7, 2007, the defendants

filed a motion for dismissal pursuant to Rule 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56. Although the plaintiff never filed anything that could be characterized as a proper response, he did file a rather confusing document styled, "Notice of International Commercial Claim within the Admiralty Administrative Remedy of Akir En Ra El Bey." Notice of Claim [dkt # 25].

The magistrate judge held an abbreviated hearing on the defendants' motion and the two motions filed by the plaintiff on April 10, 2007. However, because the defendants' motion papers failed adequately to explain the factual and legal bases for the relief sought and the plaintiff's motion papers were only marginally coherent, the magistrate judge ordered supplement briefs to be submitted. The defendants filed a supplemental brief as directed, but the plaintiff did not. Instead, the plaintiff filed an "Affidavit of Service of Bill of Lading" that was not responsive to the magistrate judge's order. In that document, and in others beforehand, the plaintiff referred to himself and the defendants as "U.S. vessels," apparently trying to invoke this Court's admiralty jurisdiction. *See* Aff. re Bill of Lading [dkt # 43] at 1. More chimerical documents followed. In one, the plaintiff seemed to block-quote at random from Moore's Federal Practice and Black's Law Dictionary. *See generally* Commercial Notice of Points and Authorities [dkt # 46]. In another, the plaintiff wrote at length on this Court's admiralty jurisdiction, although the case involves real estate. *See, e.g.*, Commercial Affidavit in Fact [dkt # 54] at 3 (stating that this is an admiralty suit because "the parties are U.S. vessels" and "the cargo is the docket file"). After wading through this onslaught, the magistrate judge issued the present report and recommendation on July 26, 2007.

In her report, the magistrate judge recommended dismissal for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. That doctrine, named after the decisions in

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 461 U.S. 462 (1983), stands for the proposition that "the lower federal courts do not have jurisdiction 'over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."'" *Raymond v. Moyer,* __ F.3d __, __, 2007 WL 2372296, *2 (6th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 549, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). The magistrate judge determined that the doctrine applied because the plaintiff was, in essence, attempting to appeal a decision of the state court granting summary judgment in favor of the defendants in an earlier action to quiet title.

To reach her conclusion, the magistrate judge relied on documents provided by the defendants in their supplemental brief. Those documents reveal a long and meandering history of litigation surrounding the home mortgage that appears to be at the center of this case.

On March 9, 2001, the plaintiff's father, Donald F. Gay, Jr., signed a promissory note in connection with a $173,000 loan. The lender was Equity Group Financial Mortgage. To provide security, a mortgage was executed by the plaintiff's father and mother, Donald and Emily L. Sharp-Gay, on their home located at 14424 Woodmont Avenue in Detroit, Michigan. On July 13, 2001, the mortgagee assigned its rights under the mortgage to defendant Liberty Savings. The plaintiff's parents defaulted on their loan, and Liberty Savings conducted a foreclosure by advertisement on February 9, 2005. Shortly thereafter, Liberty Savings transferred the property by quitclaim deed to the Federal National Mortgage Association. Although the period of redemption expired on August 9, 2005, the plaintiff and his parents refused to vacate the premises.

Given this turn of events, the law firm of Trott & Trott, P.C., the other defendant named in this case, filed a complaint on behalf of the Federal National Mortgage Association in Michigan's 36th District Court seeking possession of the property. In response, the plaintiff's father filed a petition in the Wayne County, Michigan circuit court seeking to stay the action for possession "pending [the] outcome of [a] private administrative process." Defs.' Supp. Br., Ex. G, Petition for Stay at 1. Although difficult to tell, it appears that the petitioner was asking for an extension of the period of redemption. However, he did not name the Federal National Mortgage Association (the deed holder) as a defendant, but rather named Trott & Trott, P.C. and Liberty Savings, the entity that had prosecuted the foreclosure.

On August 26, 2005, the plaintiff got involved in the process by filing a motion to quiet title in the circuit court. In that motion, the plaintiff asked the court to rule that Liberty Savings had no interest in the subject property because the mortgage had been the product of some unspecified fraud. Defendant Liberty Savings responded by filing a motion to dismiss or for summary judgment on the grounds that the petition to stay and motion to quiet title failed to state a claim for relief.

On December 2, 2005, Wayne County Circuit Judge Warfield Moore, Jr. granted Liberty Savings's motion for summary judgment and stated that "the proceedings in the 36th District Court may proceed as if this matter had not intervened." Defs.' Supp. Br., Ex. L, Order Granting Summ. J. at 2. The plaintiff's father appealed that order to the Michigan Court of Appeals, but the appeal was dismissed in March 2006 for failure to prosecute.

Meanwhile, back in the 36th District Court, things were not going well for the plaintiff's parents. After a series a hearings, a judgment was entered in favor of the Federal National Mortgage Association, and the plaintiff's parents were ordered to vacate the premises by March 31, 2006.

However, the plaintiff's father appealed the judgment to the Wayne County, Michigan Circuit Court, and the matter was assigned to Judge Moore because he had handled the earlier related case. The Federal National Mortgage Corporation moved for dismissal, reasoning that the dispute raised in the appeal was already addressed by the circuit court in its decision on the petition to stay and motion to quiet title and was therefore barred by *res judicata*. On May 19, 2006, Judge Moore dismissed the appeal.

Yet another court became involved when, following the dismissal of the appeal, the plaintiff's father filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Michigan. That action was dismissed on August 11, 2006. Nevertheless, the plaintiff's father filed another bankruptcy petition that very day. On November 2, 2006, Bankruptcy Judge Thomas Tucker dismissed the petition and enjoined the plaintiff's father from filing another action under Title 11 for the next 180 days.

Given this history, and particularly the litigation in the state courts concerning the validity of the foreclosure and the Gay family's right to possession, Magistrate Judge Morgan determined that the plaintiff's allegations of breach of contract and trespass were "inextricably intertwined" with the state court decisions. R & R at 5. She wrote:

> In this case, the court has no subject matter jurisdiction over the plaintiff's claims pursuant to the Rooker-Feldman doctrine. That the plaintiff's claims are indeed "inextricably intertwined" is evident from the act that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court. Each of the claims set forth by plaintiff rests on the premise that the state court entry of foreclosure was invalid. For example, plaintiff asserts that defendants breached the mortgage contract, but[] the judgment of foreclosure implicitly and explicitly holds otherwise. Likewise, plaintiff's claim that defendants are trespassing on his property is implicitly refuted by the state court judgment of foreclosure. Without a holding that the state court was wrong on the foreclosure or eviction, there is no way for this court to find for plaintiff.

> Looking at the complaint, it is clear that plaintiff wishes to overturn the judgment of foreclosure duly entered in Michigan state court. The plaintiff's claims are thus predicated on his conviction that the state courts were wrong and, therefore, satisfy the "very definition" of a case requiring Rooker-Feldman abstention. Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 937-38 (6th Cir. 2002).

*Id.* at 5-6.

The plaintiff filed timely objections to the report and recommendation on August 13, 2007. The defendants responded on August 24, 2007, and the matter is now ready for decision.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Like his other lawsuit papers, the plaintiff's objections are not a model of clarity. The document containing those objections is rife with nonsensical rhetoric and misplaced citations to law. Nevertheless, three basic objections can be distilled. First, the plaintiff objects to what he perceives as the magistrate judge's failure to consider various documents filed by the plaintiff under

-7-

the name Akir En Ra El Bey. Second, the plaintiff objects on the grounds that the magistrate judge misconstrued the nature of the complaint. Third, the plaintiff alleges that Magistrate Judge Morgan erred in recommending dismissal of his case without allowing him an opportunity to amend the complaint.

A.

With respect to the first objection, it does in fact appear that Magistrate Judge Morgan did not give any weight to the documents the plaintiff filed under his pseudonym. Judge Morgan stated in a footnote that "nonsensical filings" had been made by "Akir En Ra El Bey, who describes himself as 'Intervenor/Petitioner/Libellant.'" R & R at 2 n.1. But the plaintiff did not identify himself as the filer, and since no motion to intervene had been filed, Magistrate Judge Morgan declined to entertain the substance of those filings. That course of action was reasonable. The magistrate judge had no obligation to consider filings from strangers to the lawsuit, and the plaintiff failed to inform the court that the filings were his.

Even if there is some superficial merit to the argument that the magistrate judge should have considered the documents filed under the name of Akir En Ra El Bey, any error in this regard was harmless. The filings that were not considered are virtually incoherent and do nothing to advance the plaintiff's position. If there was any error here, it was harmless and brought about by the plaintiff's own conduct.

B.

The plaintiff's objection that the magistrate judge failed to apprehend the nature of his lawsuit likewise lacks merit. When a federal court's jurisdiction turns on the nature of a plaintiff's claims, the court must discern the nature of those claims by looking to the face of the complaint.

-8-

*Gentek Bldg. Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 325 (6th Cir. 2007); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005); *see also Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990). This follows from the venerable rule that the plaintiff is the master of his complaint. *Gentek*, 431 F.3d at 552; *Loftis v. United Parcel Service, Inc.* 342 F.3d 509, 514-15 (6th Cir. 2003). Of course, this rule is tempered by the common practice that calls for *pro se* pleadings to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court's liberal construction, however, must still be a reasonable one; when the complaint is ambiguous, a court must simply come to a reasonable conclusion as to what the plaintiff is attempting to allege and determine from there whether a cognizable claim has been stated and whether the court has jurisdiction. *See Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984) (recognizing that even *pro se* complaints cannot be founded on "broad and conclusory statements").

The plaintiff's objection that the magistrate judge misconstrued the nature of his complaint implicates the applicability of the *Rooker-Feldman* doctrine. Because the United States Supreme Court is vested with "exclusive jurisdiction over appeals from final state-court judgments," *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007), the lower federal courts lack jurisdiction "over cases brought by 'state-courts losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This rule is known as the *Rooker-Feldman* doctrine. For a while, courts tended to apply those principles broadly to defeat jurisdiction. However, the Supreme Court recently stemmed that trend, and the Sixth Circuit now emphasizes the narrow scope of the *Rooker-Feldman* doctrine:

> The doctrine applies only when a plaintiff complains of injury from the state court judgment itself. If the source of the injury is the state court decision, then the

>     *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim.

*Raymond v. Moyer*, __ F.3d __, __, 2007 WL 2372296, *2 (6th Cir. 2007) (quoting *Abbott*, 474 F.3d at 328). In addition, "the *Rooker-Feldman* doctrine 'does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case.'" *Id.* at *2 (quoting *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)).

The doctrine therefore applies in only two situations: "(1) a direct attack of the substance of a state court decision, and (2) a challenge to the procedures used by the state court to arrive at its decision." *VanWulfen v. Montmorency County*, 345 F. Supp. 2d 730, 741 (E.D. Mich. 2004) (citing *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001)). In the former situation, a federal district court lacks jurisdiction when the claims before it are "inextricably intertwined" with the judgment of a state court. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Anderson*, 266 F.3d at 493. After all, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

In this case, the plaintiff insists that he is not suing for breach of a mortgage contract, but rather is "bringing suit for administrative review of affiant's international claim private administrative remedy." Pl.'s Objs. at 3. As perplexing as that sounds, the plaintiff's attempt to elucidate the nature of that claim only confuses matters further. It is clear that the claim, in the

plaintiff's view, has something to do with a UCC financing statement attached to the objections as an exhibit. *See* Pls.' Objs. at 2; Ex. A, UCC Financing Statement. A UCC financing statement is, of course, a record filed for the purpose of giving notice of a secured party's interest in the property of a debtor. However, the financing statement in this case is incomprehensible; among other things, there is no way to discern the identity of the subject property. Moreover, the financing statement was not registered until April 2, 2007, months after the complaint was filed, so it is unclear how that statement could be the basis of a claim stated in the complaint.

In any event, if the Court accepts the plaintiff's position that his lawsuit is not about the state foreclosure proceedings, his claim probably cannot be considered an incognizable appeal. However, the plaintiff's argument is fatally flawed because it fails to recognize that the Court must look to the face of the complaint to determine the nature of the claims. *See Gentek*, 491 F.3d at 325; *Palkow*, 431 F.3d at 552; *Ching*, 921 F.2d at 13. A *post hoc* revision of the claims can only be achieved by filing an amended complaint under Federal Rule of Civil Procedure 15.

The plaintiff's complaint was extremely ambiguous, containing only a few discernable pieces of information. What can be gleaned is that the plaintiff alleged breach of contract and trespass, and he averred that "the lower courts . . . dishonored the equitable instrument placed before [them]." Compl. at 1-2. In addition, the named defendants are the company that foreclosed on the plaintiff's parents' home (Liberty Savings) and the law firm that prosecuted the possession proceedings in state court (Trott & Trott, P.C.). Given this information, it was reasonable for the magistrate judge to construe the complaint as alleging erroneous decisions on the part of the state courts addressing the foreclosure and related proceedings. Thus understood, the plaintiff's complaint clearly falls within the ambit of the *Rooker-Feldman* doctrine, which stands for the simple proposition that lower federal

courts lack jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance*, 546 U.S. at 460 (quoting *Exxon Mobile Corp.*, 544 U.S. at 284). The conclusion that the complaint is directed at overturning the state court decisions is bolstered by review of the motions that were filed along with the complaint. In those motions, the plaintiff requested a preliminary injunction prohibiting attempts at forcible removal, and asked the Court to "stay [the] eviction proceedings by the 36th District Court," Mot. to Stay [dkt # 4] at 2.

The plaintiff's second objection, therefore, will be overruled.

### C.

The third objection criticizes the magistrate judge's failure to offer the plaintiff an opportunity to amend his complaint. Under Federal Rule of Civil Procedure 15(a), a party may amend at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that "leave of court shall be freely granted when justice so requires," Fed. R. Civ. P. 15(a), leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposing party, *Forman v. Davis,* 371 U.S. 178, 182 (1962), *Duggins v. Steak & Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999), *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir. 1997). Amendment will be deemed futile when the complaint, as amended, would not be able to survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

This objection lacks merit. To begin with, it was not incumbent on the magistrate judge to offer *sua sponte* an opportunity to amend. The plaintiff never sought leave of court or expressed a

desire to amend his pleadings until filing the present objections. The magistrate judge cannot be faulted for declining to address an issue that was never brought to her attention.

Moreover, even if the plaintiff had properly moved for leave to amend, leave would not be forthcoming. Although "leave of court shall be freely granted when justice so requires," Fed. R. Civ. P. 15(a), justice does not require an opportunity to amend when amendment would be futile, *Forman*, 371 U.S. at 182; *Duggins*, 195 F.3d at 834. In the present case, the plaintiff apparently seeks to amend his complaint to avoid application of the *Rooker-Feldman* doctrine by bringing a "suit for administrative remedy review of [his] international claim private administrative remedy." Pl.'s Objs. at 3. Whatever merit such a claim may have in the plaintiff's mind, it knows no place in the law. Although the Court can only guess as to what it is the plaintiff is actually alleging, it is readily apparent that an amended complaint advancing this theory would not survive a motion to dismiss under Rule 12(b)(6). Therefore, the magistrate judge made no error in failing to offer the plaintiff an opportunity to amend. *See Miller*, 408 F.3d at 817.

### III.

The Court has considered the defendant's motion to dismiss *de novo* following the magistrate judge's report and the plaintiff's objections. The objections lack merit, and the motion will be granted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #59] is **ADOPTED**, and the plaintiff's objections [dkt #62] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for judgment on the pleadings [dkt #6] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED** for want of jurisdiction.

It is further **ORDERED** that the plaintiff's motions for preliminary injunction [dkt # 3] and to stay eviction [dkt # 4] are **DENIED**.

<pre>
                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge
</pre>

Dated: August 31, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2007.

<pre>
                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
</pre>

---